UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jardin Hill, LLC,

      Plaintiff,                                       Case No.  1:18cv187

     v.                                              Judge Michael R. Barrett

New City Advisors, LLC, *et al*.,

      Defendants.

## ORDER

This matter is before the Court upon the Motion to Dismiss for Lack of Jurisdiction filed by Defendant Green Bank, N.A. (Doc. 10); the Motion to Stay and to Compel Arbitration filed by Defendants Phoenix Restaurant Group, LLC, Rodizio Corporate, and Ivan Utera (Doc. 15); the Motion to Dismiss for Lack of Jurisdiction filed by Defendants New City Advisors, LLC, Lili Wang, and Yannan Wang (Doc. 26); and the Motion to Dismiss for Lack of Jurisdiction filed by Defendants John Cannizzaro, Ryan Wilmer (Doc. 27).

This case arises out of an agreement between Plaintiff Jardin Hill, LLC and Defendant New City Advisors, LLC ("NCA") to form a partnership under the United States EB-5 visa Program to allow Chinese investors to provide the seed money to construct and operate eight Brazilian Rodizio Grill restaurants in Ohio, Indiana, Florida, Michigan, Arkansas and Alabama.  (Doc. 1, PAGEID 14, ¶ 39).  Jardin Hill is a member of Lumen Point Capital Fund I, LLC, which is a member of MGMT, LLC, which in turn is the general partner for RG Opportunities I, LP ("RGO").  (Doc. 1, PAGEID 8, ¶ 14).

Central to Plaintiff's Complaint is an interpleader complaint filed by Defendant

Green Bank, N.A. in the United States District Court for the Southern District of Texas, Houston Division: Case No. 4:18-cv-00465; *Green Bank, National Association v. RG Opportunities, LP. and New City Advisors, LLC*. (Doc. 1, PAGEID 7, ¶ 5). Green Bank filed the interpleader action because it could not determine the rightful owner of over $5,000,000 in an escrow account allegedly controlled by RGO and NCA. The funds in the account were paid by the investors and were intended to be used to fund the operations of the Brazilian Rodizio Grill restaurants. (Doc. 1, PAGEID 16, ¶ 47). Plaintiffs claim that they are entitled to these funds and seek release of the funds for Plaintiffs' use.

On March 8, 2018, the Texas court granted Green Bank's motion to deposit funds into the court registry. Green Bank the deposited funds in the amount of $5,250,336.00. The Texas court later stayed the matter while RGO participated in a mediation of litigation filed by Padre Grill, LLC against RGO in in Hamilton County, Indiana: *Padre Grill, LLC v. RG Opportunities I, L.P*., Cause No. 29D01-1802-PL-1355. Defendants John Cannizzaro and Ryan Wilmer are owners of Padre Grill. (Doc. 1, PAGEID 10, ¶ 24). Padre Grill and RGO reached a settlement of the disputes between them in the Indiana action.

As a result of the settlement, on January 22, 2020, the Texas court granted Padre Grill and RGO's joint motion and stipulation to release $1,850,000.00 of the funds to Padre Grill; and granted RGO's Motion to disburse the remaining funds to RGO.

This Court may properly raise the jurisdictional issue of mootness *sua sponte*. See *Zeune v. Mohr*, No. 2:14-CV-153, 2015 WL 3544662, at *1 (S.D. Ohio June 4, 2015) (citing *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) ("Mootness is a jurisdictional question because the Court is not empowered to decide moot questions or abstract propositions ...." (internal quotations marks and citations

2

omitted)); and *Berger v. Cuyahoga Cnty. Bar Ass'n*, 983 F.2d 718, 721 (6th Cir.1993) ("Questions of jurisdiction are fundamental matters which [a court] may review *sua sponte*")).

"'Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome.'" *Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) (quoting *Int'l Union v. Dana Corp.*, 697 F.2d 718, 720–21 (6th Cir.1983)). Generally speaking, "[s]ettlement of a plaintiff's claims moots an action." *Pettrey v. Enter. Title Agency, Inc.*, 584 F.3d 701, 703 (6th Cir. 2009) (quoting *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993)).

The Court finds that Plaintiffs' claims are based upon escrowed investment funds which were previously held by Green Bank. Because the funds have been released to RGO, Plaintiffs no longer have a live case or controversy and this case is moot. Accordingly, Plaintiff's Complaint is **DISMISSED**; the pending motions listed above are **DENIED as MOOT**; and this case **CLOSED** and **TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                      JUDGE MICHAEL R. BARRETT